STATE OF MAINE *vs.* CHARLES EMERSON AND WESLEY TRASK.

Penobscot. Opinion July 30, 1881.

*Indictment. Special stat. 1868, c. 448.*

A person who operated a shingle machine to manufacture shingles by the thousand for the owners or lessees of a mill is a contractor, and not an employee or servant for whose acts the owners or lessees are liable under special stat. 1868, c. 448.

INDICTMENT for violation of special stat. 1868, c. 448, entitled "an act to prevent throwing slabs and other refuse into Penobscot river."

The respondents hired a shingle machine and contracted with another party to run it for them, the other party conducting the running, and controlling the mill himself. The lumber belonged to the respondents.

*B. H. Mace*, county attorney, for the State.

*Charles A. Bailey* (*D. F. Davis* with him,) for the respondents.

LIBBEY, J.   This is an indictment under special act of 1868, c. 448, and the attorney for the State claims that the defendants are liable on the ground that they were the lessees of a shingle mill, and that the acts complained of were done by a person in their employ in the mill.

By the facts stated in the report the party who contracted with the defendants to manufacture their shingles, run and controlled the mill himself, as he pleased.   In operating the mill he was not subject to the direction and control of the defendants.   The relation of master and servant did not exist between them.   In conducting the business he was his own master, and the men employed were subject to his direction and control.   He was a contractor and not an employee.   *McCarthy* v. *Second Parish in Portland*, 71 Maine, 318.

We think it clear that the contractor in this case cannot be held to have been "in the employ" of the defendants within the meaning of the act; and that they are not responsible for the offence committed by him in operating the mill.

*Indictment dismissed.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.